# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BNSF Railway Company, | Civil No. 26-655 (DWF/DJF) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| City of Wadena, Minnesota, and Kyra Ladd, *in her official capacity as the County Attorney for Wadena County, Minnesota*, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Court on Defendant City of Wadena, Minnesota's (the "City") motion to dismiss (Doc. No. 31) and Defendant Kyra Ladd's motion to dismiss (Doc. No. 43). Plaintiff BNSF Railway Company ("BNSF") opposes the motions. (Doc. No. 51.) For the reasons set forth below, the Court denies the motions.

## BACKGROUND

BNSF operates a rail line that passes through the City and County of Wadena. (Doc. No. 15 ("Am. Compl.") ¶¶ 4, 12.) On two separate occasions in late 2025, there was an electrical malfunction on BNSF's rail line, which caused the railway safety arms to lower and block three of the City's intersections. (*Id.* ¶¶ 14, 16, 20.) On the first occasion, the intersections were blocked for approximately one-and-a-half hours until a BNSF employee repaired the electrical malfunction. (*Id.* ¶ 17.) On the second occasion,

the intersections were blocked for approximately one hour until a BNSF employee repaired the electrical malfunction.  (*Id.* ¶ 21.)

Minnesota's Blocked-Crossing Statute prohibits railway corporations, like BNSF, from blocking a public road or street that crosses a railroad track for longer than ten minutes.  Minn. Stat. § 219.383, subdiv. 3 (2025).  A railway corporation that violates this law "is guilty of a petty misdemeanor."  *Id.* § 219.383, subdiv. 4.  A railway corporation that commits a second or subsequent offense under this law "is guilty of a misdemeanor." *Id.*  In accordance with the Blocked-Crossing Statute, the Wadena Police Department cited BNSF for blocking the City's intersections on each occasion.  (Am. Compl. ¶¶ 19, 22.)  The City, through Ladd, the Wadena County Attorney, is now prosecuting BNSF for those two blockages in Minnesota district court.  (*Id.*)  Those cases remain pending.

On January 26, 2026, BNSF filed this case against the City and Ladd[1] for declaratory and injunctive relief based on a theory that two federal railroad statutes, the ICC Termination Act ("ICCTA") and the Federal Railroad Safety Act ("FRSA"), preempt Minnesota's Blocked-Crossing Statute.  (*See* Doc. No. 1; Am. Compl. ¶¶ 27-50.)  The City and Ladd move to dismiss BNSF's claims without prejudice.  (Doc. Nos. 31, 43.)

## DISCUSSION

A party may challenge a court's subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1).  The party invoking federal jurisdiction has the burden of

---

[1]     Minnesota Attorney General Keith Ellison was also a defendant, but BNSF voluntarily dismissed all claims against Ellison on April 16, 2026.  (Doc. Nos. 49, 50.)

proving jurisdiction by a preponderance of the evidence.  *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  A Rule 12(b)(1) motion may challenge a plaintiff's complaint either facially or factually.  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  On a factual attack, a court may consider matters outside the pleadings to determine whether it has subject matter jurisdiction.  *Id.*  Here, Defendants bring a facial attack on the Court's subject matter jurisdiction under the *Younger*[2] abstention doctrine.

Federal courts have a "virtually unflagging obligation" to hear cases within their jurisdiction.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  However, the *Younger* abstention doctrine requires federal courts to abstain from interfering with pending state criminal proceedings and two kinds of state civil proceedings, except under special circumstances.  *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023).  To determine whether the *Younger* doctrine applies, courts follow a three-step inquiry:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors?  And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

---

[2]    *Younger v. Harris*, 401 U.S. 37 (1971).

*Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018) (citations omitted). The parties seem to agree that the answer to the first two questions is yes. They disagree about whether an exception to abstention applies here.

The Supreme Court has recognized a possible exception to the *Younger* doctrine where there is a facially conclusive claim of federal preemption. *New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 367 (1989); *see also Minn. Living*, 899 F.3d at 554 (discussing this possible exception). A federal preemption claim is facially conclusive if preemption is readily apparent or, in other words, it does not require a detailed analysis. *Minn. Living*, 899 F.3d at 555. The Eighth Circuit has not explicitly adopted this exception. *See Wassef*, 68 F.4th at 1089-90 (calling it a "possible exception"); *Minn. Living*, 899 F.3d at 554 n.5 (noting that it was not deciding whether the exception is a required part of the abstention analysis and that it only included it for completeness). However, prior to *NOPSI*, the Eighth Circuit explained that "[t]he legitimate state interest contemplated by *Younger* does not exist when the state action has been preempted or foreclosed by the Constitution." *Middle S. Energy, Inc. v. Ark. Pub. Serv. Comm'n*, 772 F.2d 404, 417 (8th Cir. 1985); *see also Sw. Bell Tel. Co. v. Ark. Pub. Serv. Comm'n*, 824 F.2d 672, 673 & n.5 (8th Cir. 1987) ("Where a challenge to a state regulatory scheme asserts that the proceeding or regulation at issue is beyond the state's authority, abstention or exhaustion arguments are seldom applicable.") Based on the Eighth Circuit's pre-*NOPSI* reasoning and other courts' adoption of this exception post-*NOPSI*, *see, e.g.*, *Gartrell Constr. Inc. v. Aubry*, 940 F.2d 437, 441-42 (9th Cir. 1991), the

4

Court finds that the facially conclusive exception exists.  Accordingly, the Court next determines whether either of BNSF's preemption claims are facially conclusive.[3]

"State laws that interfere with, or are contrary to, federal law," are invalid under the Supremacy Clause.  *Hillsborough County v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 712 (1985) (citation modified).  There are multiple ways in which federal law may preempt state law.  One way is through express preemption, which is "where a federal law explicitly prohibits or displaces state regulation in a given field."  *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012).  "When a federal law contains an express preemption clause, [courts] focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' preemptive intent."  *Chamber of Com. of U.S. v. Whiting*, 563 U.S. 582, 594 (2011).  Both the ICCTA and FRSA contain express preemption clauses, so the Court focuses on their plain meaning, starting and ending with the ICCTA.

Congress expanded federal regulation and limited state regulation of the railroad industry in 1995 with the ICCTA.  *See City of Ozark v. Union Pac. R.R. Co.*, 843 F.3d 1167, 1170 (8th Cir. 2016).  The ICCTA's express preemption provision provides that:

---

[3]    The City argues that even if this exception exists, it does not apply where the underlying state proceedings are criminal in nature.  (Doc. No. 56 at 3.)  The Court sees no reason to create such a distinction and is not aware of any court that has done so.  *Cf. Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258 (11th Cir. 2004) (applying the facially conclusive exception in a case involving underlying state criminal proceedings and ultimately finding that the preemption claim was not facially conclusive).

The jurisdiction of the [Surface Transportation] Board over-

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,

is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b). The Eighth Circuit has adopted the Surface Transportation Board's framework for addressing the scope of ICCTA preemption. *See City of Ozark*, 843 F.3d at 1171. Under that framework, there are two kinds of facially or categorically preempted state statutes: (1) "any form of state or local permitting or preclearance that, by its nature, could be used to deny a railroad the ability to conduct some part of its operations"; and (2) "state or local regulation of matters directly regulated by the [Surface Transportation Board]—such as the construction, operation, and abandonment of rail lines." *Id.* (citation modified). The second category is the relevant one here.

By regulating the length of time a railway corporation may block a crossing, Minnesota's Blocked-Crossing Statute attempts to regulate railway corporations' decisions on train movement. That is an attempt to regulate the operation of rail lines. Despite Defendants' insistence that there are factual issues here, no further factual development is necessary. Preemption is facially conclusive based on the plain meaning of the ICCTA's preemption provision and the Blocked-Crossing Statute. The Supreme

6

Court and the Eighth Circuit have not answered this exact question, but prior Eighth Circuit case law is persuasive here because the case law contains a clear explanation of ICCTA preemption.  The Court is further persuaded by the reasoning of the Fifth and Tenth Circuits on this exact issue.  *See BNSF Ry. Co. v. Hiett*, 22 F.4th 1190, 1193-94 (10th Cir. 2022); *Friberg v. Kan. City S. Ry. Co.*, 267 F.3d 439, 442-44 (5th Cir. 2001).

In conclusion, this case involves a facially conclusive preemption claim, an exception to the *Younger* doctrine.  The Court has a virtually unflagging obligation to hear cases within its jurisdiction.  Defendants' motions are denied.

### ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant City of Wadena, Minnesota's motion to dismiss (Doc. No. [31]) is **DENIED**.

2. Defendant Kyra Ladd's motion to dismiss (Doc. No. [43]) is **DENIED**.

Dated:  June 8, 2026                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge